UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

SCOTT N. JOHNSON,

    Plaintiff,

  v.                                  NO. CIV. S-06-00508 WBS JFM

LINDA DIANE ST. MARY,
RICHARD NICHOLAS ROCCANOVA;
MARC EDWARD ROCCANOVA;
JAMES VINCENT ROCCANOVA;
JOHN ROBERT ROCCANOVA; and
DOES 1 through 10, inclusive,

    Defendants.

----oo0oo----

STATUS (PRETRIAL SCHEDULING) ORDER

        Plaintiff filed a Status Report on May 17, 2006, pursuant to this court's Order of March 10, 2006, and Rule 16(b) of the Federal Rules of Civis Procedure.  The report was neither joined in by defendants, nor did defendants file a separate status report.  The court notes that on May 30, 2006, defendants James Vincent Roccanova, John Robert Roccanova, and Marc Edward Roccanova filed a notice of appearance, no answer or other responsive pleading has been filed by any defendant.  After reviewing the plaintiff's Status Report, the court hereby vacates the Status (Pretrial Scheduling) Conference scheduled for August

1  28, 2006, and makes the following findings and orders without
2  needing to consult with the parties any further:

### I. SERVICE OF PROCESS

All named defendants have been served and no further service is permitted without leave of court, good cause having been shown under Fed. R. Civ. P. 16(b).  Defendants are cautioned that unless they file a timely answer or other response to the complaint, their default may be taken.  A mere "notice of appearance" is insufficient to avoid their default being taken.

### II. JOINDER OF PARTIES/AMENDMENTS

No further joinder of parties or amendments to pleadings is permitted except with leave of court, good cause having been shown under Fed. R. Civ. P. 16(b).  See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604 (9th Cir. 1992).

### III. JURISDICTION/VENUE

Jurisdiction is predicated upon 28. U.S.C. § 1331 (federal question), and 42 U.S.C. § 12101, et seq. (The Americans with Disabilities Act).

### IV. DISCOVERY

Each party will serve the initial disclosures required by Fed. R. Civ. P. 26 (a)(1) by no later than September 29, 2006.

Plaintiff shall disclose experts and produce reports in accordance with Fed. R. Civ. P. 26(a)(2) by no later than January 26, 2007.

Defendant shall disclose experts and produce reports in accordance with Fed. R. Civ. P. 26(a)(2) by no later than February 23, 2007.

With regard to expert testimony intended solely for

1 rebuttal, those experts shall be disclosed and reports produced
2 in accordance with Fed. R. Civ. P. 26(a)(2) on or before March 9,
3 2007.
4     All discovery, including depositions for preservation
5 of testimony, is left open, save and except that it shall be so
6 conducted as to be <u>completed</u> by March 30, 2006.  The word
7 "completed" means that all discovery shall have been conducted so
8 that all depositions have been taken and any disputes relevant to
9 discovery shall have been resolved by appropriate order if
10 necessary and, where discovery has been ordered, the order has
11 been obeyed.  All motions to compel discovery must be noticed on
12 the magistrate judge's calendar in accordance with the local
13 rules of this court and so that such motions may be heard (and
14 any resulting orders obeyed) not later than March 9, 2007.
15     V.   MOTION HEARING SCHEDULE
16     All motions, except motions for continuances, temporary
17 restraining orders or other emergency applications, shall be
18 filed on or before May 31, 2007.  All motions shall be noticed
19 for the next available hearing date.  Counsel are cautioned to
20 refer to the local rules regarding the requirements for noticing
21 and opposing such motions on the court's regularly scheduled law
22 and motion calendar.
23     VI.  FINAL PRETRIAL CONFERENCE
24     The Final Pretrial Conference is set for August 13,
25 2007 at 10:00 a.m. in Courtroom No. 5.  The conference shall be
26 attended by at least one of the attorneys who will conduct the
27 trial for each of the parties and by any unrepresented parties.
28     Counsel for all parties are to be fully prepared for

1  trial at the time of the Pretrial Conference, with no matters
2  remaining to be accomplished except production of witnesses for
3  oral testimony.  Counsel shall file separate pretrial statements,
4  and are referred to Local Rules 16-281 and 16-282 relating to the
5  contents of and time for filing those statements.  In addition to
6  those subjects listed in Local Rule 16-281(b), the parties are to
7  provide the court with: (1) a plain, concise statement which
8  identifies every non-discovery motion which has been made to the
9  court, and its resolution; (2) a list of the remaining claims as
10 against each defendant; and (3) the estimated number of trial
11 days.
12         In providing the plain, concise statements of
13 undisputed facts and disputed factual issues contemplated by
14 Local Rule 16-281(b)(3)-(4), the parties shall emphasize the
15 claims that remain at issue, and any remaining affirmatively pled
16 defenses thereto.  If the case is to be tried to a jury, the
17 parties shall also prepare a succinct statement of the case,
18 which is appropriate for the court to read to the jury.
19         VII.  TRIAL SETTING
20         The court trial is set for  October 23, 2007 at 9:00
21 a.m. in Courtroom No. 5.
22         VIII.  SETTLEMENT CONFERENCE
23         A Settlement Conference will be set at the time of the
24 Pretrial Conference.
25         All parties should be prepared to advise the court
26 whether they will stipulate to the trial judge acting as
27 settlement judge and waive disqualification by virtue thereof.
28         Counsel are instructed to have a principal with full

settlement authority present at the Settlement Conference or to be fully authorized to settle the matter on any terms.  At least seven calendar days before the Settlement Conference counsel for each party shall submit a confidential Settlement Conference Statement for review by the settlement judge.  If the settlement judge is not the trial judge, the Settlement Conference Statements shall not be filed and will not otherwise be disclosed to the trial judge.

          IX.   MODIFICATIONS TO SCHEDULING ORDER

Any requests to modify the dates or terms of this Scheduling Order, except requests to change the dates of the final Pretrial Conference or trial, may be heard and decided by the assigned Magistrate Judge.  All requests to change the dates of the Pretrial Conference and/or trial shall be heard and decided only by the undersigned judge.

DATED:  August 7, 2006

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE