1

2

3

4

5

6

7

8

9           IN THE UNITED STATES DISTRICT COURT

10         FOR THE EASTERN DISTRICT OF CALIFORNIA

11    SCOTT N. JOHNSON,

12              Plaintiff,                    No. CIV S-06-0508 WBS EFB PS

13         vs.

14    LINDA DIANE ST. MARY, et al,

15              Defendants.                   ORDER

16    _____/

17              The parties have filed their separate status reports.  A Status Conference was held

18    on October 11, 2006, via telephone.[1]  Accordingly, the court makes the following findings and

19    orders:

20    SERVICE OF PROCESS

21              All defendants have been served or have otherwise appeared and no further

22    service is permitted except as provided herein, or with leave of court, good cause having been

23    ////

24    _____

25         [1] The dates set forth in this order are different from those discussed at the Status
      Conference due to the anticipated delay in hearing and deciding plaintiff's "Motion to Amend the
26    Complaint," filed after the conference.

1

1 shown.[2]

2 JOINDER OF PARTIES/AMENDMENTS

3 _____No further joinder of parties or amendments to pleadings is permitted except as

4 provided herein, or with leave of court, good cause having been shown.[3]

5 JURISDICTION/VENUE

6 Jurisdiction is undisputed and is hereby found to be proper, as is venue.

7 MOTION HEARING SCHEDULES

8 All law and motion except as to discovery is left open, save and except that it

9 shall be conducted so as to be completed by April 18, 2007.  The word "completed" in this

10 context means that all law and motion matters must be heard by the above date.  The parties are

11 cautioned to refer to the local rules regarding the requirements for noticing such motions on the

12 court's regularly scheduled law and motion calendar.  This paragraph does not preclude motions

13 for continuances, temporary restraining orders or other emergency applications, and is subject to

14 any special scheduling set forth in the "MISCELLANEOUS PROVISIONS" paragraph below.

15 The parties should keep in mind that the purpose of law and motion is to narrow

16 and refine the legal issues raised by the case, and to dispose of by pretrial motion those issues

17 that are susceptible to resolution without trial.  To accomplish that purpose, the parties need to

18 identify and fully research the issues presented by the case, and then examine those issues in light

19 of the evidence gleaned through discovery.  If it appears to counsel (and/or pro se parties)[4] after

20

21 [2] The court notes that on October 12, 2006, plaintiff filed a "Motion to Amend the
Complaint" which seeks to replace the currently named defendants with the proper defendant –
22 the Roccanova Family Asset Management LLC.  The court will decide that motion in a separate
order, and the parties are advised that any newly added defendants will be bound by the dates set
23 forth in this scheduling order.

24 [3] Again, the court notes the currently pending motion to amend the complaint and will
decide that motion in a separate order.  The parties are again advised that any newly added or
25 substituted defendants will be bound by the dates set forth in this scheduling order.

26 [4] All references to "counsel" in this order include parties appearing *in propria persona.*

examining the legal issues and facts that an issue can be resolved by pretrial motion, the parties are to file the appropriate motion by the law and motion cutoff set forth above.

ALL PURELY LEGAL ISSUES ARE TO BE RESOLVED BY TIMELY PRETRIAL MOTION.  The parties are reminded that motions in limine are procedural devices designed to address the admissibility of evidence.  COUNSEL ARE CAUTIONED THAT THE COURT WILL LOOK WITH DISFAVOR UPON SUBSTANTIVE MOTIONS PRESENTED IN THE GUISE OF MOTIONS IN LIMINE AT THE TIME OF TRIAL.

DISCOVERY

All discovery is left open, save and except that it shall be so conducted as to be completed by February 20, 2007.  The word "completed" means that all discovery shall have been conducted so that all depositions have been taken and any disputes relative to discovery shall have been resolved by appropriate order if necessary and, where discovery has been ordered, the order has been complied with.  Motions to compel discovery must be noticed on the undersigned's calendar in accordance with the local rules of this court and so that such motions will be heard not later than January 19, 2007.

EXPERT DISCLOSURE

All counsel are to designate in writing and file with the court, and serve upon all other parties, the names of all experts that they propose to tender at trial not later than December 4, 2006.  An expert witness not appearing on said lists will not be permitted to testify unless the party offering the witness demonstrates:  (a) that the necessity of the witness could not have been reasonably anticipated at the time the lists were exchanged; (b) the court and opposing counsel were promptly notified upon discovery of the witness; and (c) that the witness was promptly proffered for deposition.  Failure to provide the information required along with the expert designation may lead to preclusion of the expert's testimony or other appropriate sanctions.

For the purposes of this scheduling order, experts are defined as "percipient" and "Rule 26" experts.  Both types of experts shall be listed.  Percipient experts are persons who,

1    because of their expertise, have rendered expert opinions in the normal course of their work

2    duties or observations pertinent to the issues in the case.  Another term for their opinions are

3    "historical opinions."  Percipient experts are experts who, unless also designated as Rule 26

4    experts, are limited to testifying to their historical opinions and the reasons for them.  That is,

5    they may be asked to testify to their opinions given in the past and the reasons concerning the

6    development of those opinions.  However, they may not be asked to render a current opinion for

7    the purposes of the litigation.

8              Rule 26 experts, who may be percipient experts as well, are specifically

9    designated by a party to be a testifying expert for the purposes of the litigation.[5]  The Rule 26

10   expert may express opinions formed for the purposes of the litigation.  A party designating a

11   Rule 26 expert will be assumed to have acquired the express permission of the witness to be so

12   listed.

13             The parties shall comply with the information disclosure provisions of Fed. R.

14   Civ. P. 26 (a)(2) for any expert, who is in whole or in part designated as a Rule 26 expert.  This

15   information is due at the time of designation.  Failure to supply the required information may

16   result in the striking of the Rule 26 expert.  All Rule 26 experts are to be fully prepared to render

17   an informed opinion at the time of *designation* so that they may fully participate in any

18   deposition taken by the opposing party.  Rule 26 experts will not be permitted to testify at trial as

19   to any information gathered or evaluated, or opinion formed, which should have been reasonably

20   available at the time of designation.  The court will closely scrutinize for discovery abuse

21   deposition opinions which differ markedly in nature and/or in bases from those expressed in the

22   mandatory information disclosure.

23   ////

24   ////

25

26         [5]  The court is not interested in a designation of non-testifying Rule 26 experts.

4

FINAL PRETRIAL CONFERENCE

The final pretrial conference is set before the Honorable William B. Shubb on June 18, 2007, at 10:00 a.m. in Courtroom No. 5.  Counsel are cautioned that counsel appearing for pretrial will in fact try the matter.  Counsel for all parties are to be fully prepared for trial at the time of the pretrial conference, with no matters remaining to be accomplished except production of witnesses for oral testimony.  Counsel are referred to Local Rules 16-281 and 16-282 relating to pretrial statements and conferences.  A FAILURE TO COMPLY WITH LOCAL RULES 16-281 AND 16-282 WILL BE GROUNDS FOR SANCTIONS.

Notwithstanding Local Rule 16-281, the parties shall submit a joint pretrial statement not later than ten (10) court days prior to the pretrial conference.  The joint pretrial statement shall conform with the requirements of L.R.16-281(b).  The undisputed facts and disputed factual issues shall be set forth in two separate sections.  The parties should identify those facts which are relevant to each separate cause of action.  In this regard, the parties are to number each individual fact or factual issues.  Where the parties are unable to agree as to what factual issues are properly before the court for trial, they should nevertheless list in the section on "DISPUTED FACTUAL ISSUES" all issues asserted by any of the parties and explain by parenthetical the controversy concerning each issue.  The parties should keep in mind that, in general, each fact should relate or correspond to an element of the relevant cause of action.  The parties should also keep in mind that the purpose of listing the disputed factual issues is to apprise the court and all parties about the precise issues that will be litigated at trial.  The court is not interested in a listing of all evidentiary facts underlying the issues that are in dispute.[6]  The joint statement of undisputed facts and disputed factual issues is to be filed with the court concurrently with the filing of the joint pretrial statement.

////

---

[6] However, with respect to the listing of undisputed facts, the court will accept agreements as to evidentiary facts.

1    Pursuant to Local Rule 281(b)(10) and (11), the parties are required to provide in

2  their pretrial statement a list of witnesses and exhibits that they propose to proffer at trial, no

3  matter for what purpose.  These lists shall <u>not</u> be contained in the pretrial statement itself, but

4  shall be attached as separate documents to be used as addenda to the final pretrial order.

5  Plaintiff's exhibits shall be listed numerically; defendant's exhibits shall be listed alphabetically.

6  The pretrial order will contain a stringent standard for the proffering of witnesses and exhibits at

7  trial not listed in the pretrial order.  Counsel are cautioned that the standard will be strictly

8  applied.  On the other hand, the listing of exhibits or witnesses which counsel do not intend or

9  use will be viewed as an abuse of the court's processes.

10    Counsel are reminded that, pursuant to Fed. R. Civ. P. 16, it will be their duty at

11  the pretrial conference to aid the court in (a) formulation and simplification of issues and the

12  elimination of meritless claims or defenses; (b) settling of facts which should be properly

13  admitted; and (c) avoidance of unnecessary proof and cumulative evidence.  The parties must

14  prepare their joint pretrial statement, and participate in good faith at the pretrial conference, with

15  these aims in mind.  A FAILURE TO DO SO MAY RESULT IN THE IMPOSITION OF

16  SANCTIONS which may include monetary sanctions, orders precluding proof, eliminations of

17  claims or defenses, or such other sanctions as the court deems appropriate.

18  <u>TRIAL SETTING</u>

19    Trial is set for July 17, 2007 at 9:00 a.m. in Courtroom No. 5 before the

20  Honorable William B. Shubb.  Trial will be by jury.  The parties estimate in good faith that the

21  trial will take approximately four days.

22  <u>SETTLEMENT CONFERENCE</u>

23    A settlement conference will be set at the time of the pretrial conference.

24  <u>CONSENT FORMS</u>

25  _____At the Status Conference, the court determined that the parties may wish to

26  consent to proceed before the undersigned.  The Clerk shall serve with this order consent forms

1  on both parties.  The parties shall complete the consent form and return them to the court within

2  10 days of the service of this order.

3  VOLUNTARY DISPUTE RESOLUTION PROGRAM

4  At the Status Conference, the court informed the parties of the availability of the

5  court's Voluntary Dispute Resolution Program ("VDRP") and/or an early settlement conference.

6  The parties shall inform the court within 10 days of the service of this order whether or not they

7  are willing to participate in the VDRP, and when the VDRP session, if any, should be held.  If all

8  parties stipulate to using VDRP, the parties are ordered to file a Stipulation and Order for VDRP

9  Referral.  *See* E.D. Cal. L.R. 16-271 (d), (I).

10  MISCELLANEOUS PROVISIONS

11  There appear to be no other matters presently pending before the court that will

12  aid the just and expeditious disposition of this matter.

13  IT IS SO ORDERED.

14  Pursuant to Fed. R. Civ. P. 16(b), THIS COURT SUMMARIZES THE

15  SCHEDULING ORDER AS FOLLOWS:

16  1.  The Clerk is directed to serve on each party this order, together

17  with new consent forms.  The parties are ordered to file the

18  completed consent forms within ten (10) days of the date of service

19  of this order.

20  2.  The parties are directed to inform the court within ten (10) days of the date of

21  service of this order their willingness to participate in the court's Voluntary

22  Dispute Resolution Program ("VDRP"), and when the VDRP session, if any,

23  should be held.  If all parties stipulate to using the VDRP, the parties are ordered

24  to file a Stipulation and Order for VDRP Referral pursuant to E.D. Cal. L.R. 16-

25  271 (d), (I).

26  ////

3. The parties may conduct discovery until February 20, 2007. Motions to compel discovery are to be noticed to be heard by January 19, 2007, as more specifically described in this order.

4. The parties shall disclose experts, as described herein, by December 4, 2006.

5. All pretrial motions, except motions to compel discovery, shall be completed as described herein on or before April 18, 2007.

6. Pretrial conference (as described in Local Rule 16-282) is set in this case for June 18, 2007, at 10 a.m. Pretrial statements shall be filed in accord with Local Rules 16-281 and 16-282.

7. This matter is set for trial on July 17, 2007, at 9 a.m.

DATED: October 18, 2006.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE