IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SCOTT N. JOHNSON,

    Plaintiff,                               No. CIV S-06-0508 WBS EFB PS

    vs.

LINDA DIANE ST. MARY, et al,

    Defendants.                        <u>ORDER</u>

_____/

        Plaintiff filed the original complaint in this matter on March 10, 2006, alleging violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101, *et seq*., and California Civil Code, §§ 51, 52.  The complaint alleged that defendants Linda Diane St. Mary, Richard Nicholas Roccanova, Marc Edward Roccanova, James Vincent Roccanova, and John Robert Roccanova owned, operated, managed, or leased the subject property – "Shelly's Hair Salon" – a "barbershop/retail center with a parking lot located in a retail center at 3329 Balmoral Drive, Sacramento, California."  *See* Complaint, at ¶ 2.  Defendants have answered the complaint.[1]

---

[1] Defendants filed an answer on August 14, 2006. On September 17, 2006, they filed an "amended answer and counterclaim."  Then, on October 17, 2006, defendants filed *another* answer, apparently in response to plaintiff's "motion to amend complaint."  Defendants are cautioned against filing documents and pleadings that are not contemplated by the Federal Rules of Civil Procedure or are otherwise not permitted without leave of court.

1

1   All parties are proceeding in this matter pro se, although plaintiff is a licensed attorney representing himself.  The parties appeared telephonically for a status conference on October 11, 2006.  Based on that conference, the court issued a pre-trial scheduling order on October 19, 2006.  On October 12, 2006, plaintiff filed a motion to amend the complaint, which was set for hearing on December 13, 2006.  Plaintiff did not lodge a proposed amended complaint as an exhibit to his motion to amend as required by Local Rule 5-137(c).  Accordingly, the hearing was vacated and plaintiff was ordered to lodge a proposed amended complaint pursuant to the local rules.  Plaintiff did so, although defectively,[2] and the motion was submitted without oral argument on December 13, 2006.

The court has reviewed both the motion to amend the complaint and the "proposed" amended complaint, and notes serious inconsistencies between the two.  In the motion, filed on October 12, 2006, plaintiff seeks to amend the complaint in order to "change" defendants and to identify "architectural barriers and visits to the subject property and foregone visits to the subject property."  Motion to Amend Complaint, at ¶ 2.  More specifically, plaintiff claims that he learned on October 11, 2006 that the owner of the subject property was Roccanova Family Asset Management, LLC, rather than the originally named individual defendants.  *Id.* at ¶ 6.  Plaintiff claims that the grant deed at the Sacramento County Recorders Office showing the subject property's ownership was not updated with that information until recently.  *Id.* at ¶ 7.  Plaintiff further represents in his motion that "all currently named defendants will be removed and replaced with new defendants in order to properly identify the property owner and/or business operators."  *Id.* at ¶ 9.

However, in the "proposed" amended complaint, it appears that plaintiff wishes to amend the complaint to add other defendants in addition to the Roccanova Family Asset Management,

---

[2] The document filed by plaintiff was not captioned as a "proposed" amended complaint, but rather as an amended complaint.  Further, plaintiff failed to submit a word processing version of the order as required by the local rules.  *See* E.D. Cal. L.R. 5-137(b).

LLC. In particular, plaintiff seeks to add "two business operators . . ., Amnor, Inc., individually [*sic*] and d/b/a Bond Driving School, and Shirley J. Evans, individually and d/b/a Shelly's Hair Salon." *See* [Proposed] First Amended/Supplemented Complaint, at 2:7-14. This discrepancy is unexplained. Additionally, the "proposed" amended complaint, submitted on December 13, 2006, contains no explanation as to why plaintiff seeks at this late date to add these two other defendants.

Because the motion to amend and the lodged "proposed" amended complaint do not conform to one another, the court denies without prejudice plaintiff's motion to amend the complaint. Within twenty (20) days of the date of this order, plaintiff shall either move to amend the complaint (attaching a proposed amended complaint thereto) or file a proposed amended complaint that conforms to his original motion to amend, filed October 12, 2006. Plaintiff is instructed to refer to the Federal Rules of Civil Procedure and the Local Rules, specifically Local Rule 5-137, with respect to filing a motion to amend the complaint. Plaintiff is further admonished that because he seeks to amend the complaint to include additional defendants after the pre-trial scheduling order has been issued, he must demonstrate good cause for such amendment. Fed. R. Civ. P. 16; *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000) (standard primarily considers the diligence of the party seeking the amendment) (citations omitted).

In addition, defendants are admonished to refrain from filing any additional "answers," amended or otherwise, until such time as they are ordered to do so. If and when plaintiff is granted leave to amend and the proposed amended complaint is order filed, the order will set a due date for the defendants to respond to the amended complaint.

Finally, the court notes that both parties have indicated, in multiple documents filed with the court, their desire to consent to the jurisdiction of the undersigned magistrate judge.

////

////

1  However, the parties failed to file the completed consent forms as instructed in this court's order
2  dated October 19, 2006. If and when the plaintiff determines the proper defendants, the court
3  will instruct the Clerk to issue new consent forms to all parties then identified.

4  IT IS SO ORDERED.

5  DATED: December 19, 2006.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE