IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SCOTT N. JOHNSON,

     Plaintiff,                   No. CIV S-06-0508 WBS EFB PS

     vs.

LINDA DIANE ST. MARY, et al,

     Defendants.              FINDINGS & RECOMMENDATIONS

_____/

     This case, in which all parties are proceeding *in propria persona*,[1] was referred to the undersigned under Local Rule 72-302(c)(21), pursuant to 28 U.S.C. § 636(b)(1).[2]

I. BACKGROUND

     Presently pending before the court is plaintiff's motion to amend the complaint. That motion, originally filed on October 12, 2006, finds its most recent iteration in the documents filed February 27, 2007. Plaintiff's previous motions to amend suffered from various defects,

---

[1] Plaintiff, although appearing in pro se on his own behalf, is an attorney licensed to practice law in the state of California.

[2] Plaintiff has filed a form indicating his consent to proceed before the Magistrate Judge pursuant to 28 U.S.C. § 636(c). Defendants have also indicated their consent to proceed before the Magistrate Judge pursuant to 28 U.S.C. § 636(c), but have failed to file the appropriate forms with the court, despite specific direction from the court to do so. Until such time as defendants file the appropriate forms, this case will retain its referral status.

1

including among other things, repeated non-compliance with Local Rule 5-137. Although plaintiff's most recent motion to amend finally complies with that Local Rule, significant dates set forth in the Rule 16 pretrial scheduling order have now passed. Moreover, as discussed below, plaintiff has failed to address (as directed by the court) the "good cause" standard justifying amendment under Fed. R. Civ. P. 16(b).

The pretrial scheduling order in this case was issued on October 19, 2006, following a status conference. The order setting the status conference specifically ordered the parties to file status reports addressing, among other things, whether or not any amendment to the pleadings was anticipated.[3] Notwithstanding that order, plaintiff did not notify the court until the very day of the Rule 16 scheduling conference that the "Roccanova Family Asset Management, LLC"– not the individually named defendants – was the current owner of the subject property, and that plaintiff wished to amend the complaint accordingly. After the court instructed plaintiff that he would have to file a motion for leave to amend the complaint to achieve such amendment, it also explained to both plaintiff and defendants that it would issue the Rule 16 pretrial scheduling order and that all parties, including any newly added party, would be bound by the schedule set therein.[4] Plaintiff did file a motion to name the LLC as a defendant; however, his motion failed to comply with the requirement of Local Rule 5-137(c) that he lodge a proposed amended complaint with the court. In his later attempt to comply with that rule, plaintiff sought to add two entirely new defendants to the action. The court admonished plaintiff of his obligation to demonstrate "good cause" for such amendment under Fed. R. Civ. P. 16(b). However, in his most recent filing, plaintiff has failed to demonstrate, much less address, the issue of good cause for such late amendment. In light of this failure, in addition to his repeated failure to comply

---

[3] Plaintiff's status report indicated that he anticipated amending the complaint only to include the number of architectural barriers and number of visits to defendants' property.

[4] The individually named defendants are the owners of, or are otherwise associated with the LLC. Accordingly, the newly proposed LLC defendant had sufficient notice of the dates set at the conference and published in the pretrial scheduling order.

applicable procedural rules and court orders, the court recommends that plaintiff's motion to amend be denied.

## II.  RULE 16 STANDARD

Although leave to amend is freely given on a timely motion to amend, plaintiff did not move to add new parties until after the scheduling order was entered.  The Ninth Circuit has had occasion to address the "narrow question: when and under what circumstances may a party join an additional defendant once the district court has entered an order limiting the time for joinder."[5] *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992).  The Ninth Circuit instructed that "[o]nce the district court had filed a pretrial scheduling order pursuant to Federal Rule of Civil Procedure 16 which established a timetable for amending pleadings that rule's standards controlled." *Id.* at 607-08.  This district, applying *Johnson*, has confirmed that once the district court has filed a pretrial scheduling order pursuant to Fed. R. Civ. P. 16, a motion to amend the pleadings is governed first by Rule 16(b), and only secondarily by Rule 15(a).  *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 607 (E.D. Cal. 1999).  The point is that plaintiff has not even attempted to show good cause for joining new parties at this stage of the proceedings. While amendment of pleadings is ordinarily liberally granted under Fed. R. Civ. P. 15(a), a movant must demonstrate "good cause" to justify amendment under Fed. R. Civ. P. 16(b).  *Id*. at 606-07.  The "good cause" standard "focuses on the diligence of the party seeking amendment." *Id.* at 607 (citing *Johnson*, 975 F.2d at 609).  "Central to the required showing of diligence is whether the movant discharged [its] obligation under Rule 16 to collaborate with the district court in managing the case." *Jackson*, 186 F.R.D. at 607.  Accordingly, relevant inquiries include: whether the movant was diligent in helping the court to create a workable Rule 16 order; whether matters that were not, and could not have been, foreseeable at the time of the

---

[5] The court's pretrial scheduling order provides that "no further joinder of parties or amendments to pleadings is permitted except . . . with leave of court, good cause having been shown."

1  scheduling conference caused the need for amendment; and whether the movant was diligent in
2  seeking amendment once the need to amend became apparent.  *Id.* at 608 (citations omitted).
3  "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of
4  relief."  *Johnson*, 975 F.2d at 609.

5  III.  ANALYSIS

6  In the present case, plaintiff's conduct has been consistently careless, or at best
7  inattentive, and he has failed to demonstrate the requisite "good cause" for amendment.

8  Plaintiff seeks to amend the complaint not only to name the proper defendant and cite
9  additional visits to the property, but also to add two entirely new defendants – business operators
10 Amnor, Inc. and Shirley J. Evans.  Plaintiff's original complaint, filed March 10, 2006, named
11 five individual defendants – Linda Diane St. Mary, Richard Nicholas Roccanova, Marc Edward
12 Roccanova, James Vincent Roccanova and John Robert Roccanova.  Plaintiff alleged that these
13 defendants owned Shelly's Hair Salon, a "barbershop/retail center . . .located in a retail center at
14 3329 Balmoral Drive" (the "subject property").

15 As discussed above, plaintiff has since identified the "Roccanova Family Asset
16 Management, LLC" as the current owner of the subject property.  He claims he did not become
17 aware of the newly formed LLC until October 11, 2006 – the day the status conference was set
18 before the undersigned.  *See* Motion to Amend, at ¶ 6.  Upon the court's direction, plaintiff filed
19 a motion to amend.  However, he failed to comply with Local Rule 5-137, which requires the
20 movant to provide a copy of the proposed amended complaint together with the motion.
21 Accordingly, the court ordered plaintiff to submit for the court's review the proposed amended
22 complaint consistent with that Rule and in word processing format.  *See* E.D. Cal. L.R. 5-137(b),
23 (c).  Instead of complying with that order, plaintiff electronically filed a "proposed" amended
24 complaint that purported to add two entirely new defendants – business operators Amnor, Inc.
25 and Shirley J. Evans – a joinder issue not even mentioned in the motion for leave to amend.
26 ////

4

The court, noting the discrepancy between the motion to amend and the "proposed amended complaint" again ordered plaintiff to comply with Local Rule 5-137, and specifically to file a motion and proposed amended complaint that were consistent with one another.  In light of plaintiff's intent to amend the complaint to add two previously unidentified defendants, the court further admonished plaintiff that he was required to establish "good cause" for amendment pursuant to Fed. R. Civ. P. 16.  Rather than complying with that order, plaintiff appears to have done nothing.  The court therefore issued an order on February 7, 2007, directing plaintiff to show cause within ten days why the case should not be dismissed for failure to prosecute and failure to obey court orders.  Not ten, but twenty, days later plaintiff responded by filing a renewed motion to amend and response to the court's order.  Although that motion complied with the Local Rules, it contained no briefing regarding the requisite "good cause" to justify amendment.  In fact, the motion itself consists of merely plaintiff's declaration.

In that "motion," plaintiff declares that on October, 11, 2006, he went to the "Sacramento County Assessors Office and received an updated Master Property Roll data sheet and Grant Deed which reflects the LLC." Pl.'s Dec., filed February 26, 2007, at ¶ 7.  Plaintiff avers that the current grant deed was recorded in June 2005, but was "not updated until recently at the Sacramento County's Assessors Office." *Id.*, at ¶ 8.  Plaintiff has attached as exhibits the data sheet from the Sacramento County "Master Property Roll" showing the LLC as owner of the subject property, and a copy of one page of the grant deed reflecting the transfer to the LLC, recorded in June 2005.  *See* Exhibit 3 to Motion to Amend.  It is unclear what precisely plaintiff intends to demonstrate by these exhibits, other than the LLC's ownership of the subject property.  To the extent he believes they demonstrate his inability to have identified the LLC prior to the scheduling conference, they do not.  From the face of the records, it appears they were updated in June 2006 – three months after plaintiff filed the original complaint, but four months prior to

////

////

5

the status conference.[6]  Plaintiff does not explain why he failed to obtain this information for inclusion in his status report, or why he was unable to discover it sooner.  Other than inattentiveness to this case, no reason is offered for not discovering and adding the additional parties prior to the date of the status conference.

With regard to the newly proposed business operator defendants (Amnor, Inc. and Shirley J. Evans), plaintiff declares:

> "[He] could have identified and named [them] in the original complaint, *but chose not to.*  The Plaintiff chose not to name [them] originally because the Plaintiff prefers to file actions against property owners, rather than small business operators.  However, after the filing of the original complaint, the property owners informed the plaintiff that the tenants are responsible for interior property alterations.

Motion to Amend, at ¶ 11 (emphasis added).

Setting aside the deliberate decision not to join these parties when the complaint was first filed, plaintiff does not state whether he received the new information from the property owners before or after the Rule 16 scheduling conference.  Plaintiff further fails to explain what, if anything, caused his delay in obtaining this relevant information.  In fact, plaintiff's explanations, rather than demonstrating good cause or diligence, underline his leisurely approach to prosecuting this action.  It has only been through this court's repeated direction that plaintiff has succeeded in filing a motion to amend that complies with the Local Rules.  Regardless of this compliance, which took four months to achieve, plaintiff, regrettably, has not demonstrated "diligence."   Indeed, these two proposed business operator defendants were not brought to the court's attention until two months after the Rule 16 scheduling conference.  Even more telling is the fact that plaintiff's most recent motion was filed only after issuance of an order directing him to show cause why the case should not be dismissed for failure to prosecute and for failure to obey court orders.  Even his response to the order to show cause was untimely.  In sum, plaintiff

---

[6] Plaintiff's declaration appears evasive in this regard, stating only that the records were "recently" updated.  *See* Motion to Amend, at ¶ 8.

6

has done little in the way of "discharging [his] obligation . . . to collaborate with the . . . court in managing the case." *Jackson*, 186 F.R.D. at 607.  If anything, his lack or attention has hindered management of the case.  For the foregoing reasons, plaintiff's motion to amend should be denied.

IV.   CONCLUSION

In accordance with the foregoing, IT IS HEREBY RECOMMENDED that plaintiff's motion to amend be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within ten (10) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten (10) days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED:  April 10, 2007.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE